UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GARIPPO and MICHAEL GARIPPO, <br><br> Plaintiffs, <br><br> v. <br><br> SKOKIE VALLEY AIR CONTROL INC., WILLIAM GARIPPO, and TONY GARIPPO, <br><br> Defendants. | Case No. 24-cv-03346 <br><br> Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Robert Garippo and Michael Garippo sue their former employer, Skokie Valley Air Control, Inc. ("SVAC"), and agents of SVAC, William and Tony Garippo, alleging breach of fiduciary duty under the Employee Retirement Income Security Program ("ERISA") (Count I) and breach of contract (Count II). Plaintiffs also seek a declaratory judgment regarding Plaintiffs' interest in the sale of SVAC (Count III). Defendants move to dismiss Plaintiffs' claims, *see* [16], and, for the reasons explained below, this Court grants Defendants' motion.

I.  **Background**

Plaintiff Robert Garippo worked at SVAC from 1997 through June 23, 2023, and Plaintiff Michael Garippo worked at SVAC from 1999 through June 6, 2023. [14] ¶¶ 13, 14. Defendant William Garippo, Plaintiffs' father, was the President of SVAC, as well as a Director and Shareholder. *Id.* ¶¶ 6, 7. Defendant Tony Garippo,

Plaintiffs' uncle, served as the Secretary of SVAC, and was also a Shareholder and Director. *Id.* ¶¶ 8, 9.

From the start of their employment, Plaintiffs participated in the Skokie Valley Air Control Retirement Plan ("Plan") maintained by SVAC. *Id.* ¶¶ 16, 20, 21. The Plan allowed employees to contribute a portion of their compensation to the Plan on a pre-tax basis as a salary deferral, and SVAC made a 50% matching contribution. *Id.* ¶¶ 22, 23. In 2011, Defendant Tony Garippo, on behalf of SVAC, allegedly informed Plaintiffs that they "would no longer be allowed to contribute to the Plan because there were not enough people on the Plan." *Id.* ¶ 24. Based upon this representation, Plaintiffs stopped making contributions to the Plan. *Id.* ¶ 25. Tony's statement, however, was untrue, and other employees continued to contribute to the Plan. *Id.* ¶¶ 24, 27. No one told Plaintiffs that Tony's statement was false or otherwise corrected this information about Plaintiff's eligibility to contribute to the Plan. *Id.* ¶ 29.

Plaintiffs separately allege that, around 2005, Tony Garippo and William Garippo entered into a Shareholders' Agreement, which allegedly included a Right of First Refusal in favor of Plaintiffs by name or as a clearly defined group. *Id.* ¶¶ 45, 47. The Right of First Refusal allegedly gave Plaintiffs "the right to match an offer made by another party or granting them another right or interest in SVAC." *Id.* ¶ 47. On June 5, 2023, King Heating, Cooling and Plumbing bought SVAC. *Id.* ¶ 30. No one informed Plaintiffs of the pending offer to purchase SVAC or gave them an

opportunity to match the purchase offer. *Id.* ¶¶ 31, 48.

Plaintiffs filed their initial complaint [1] on April 25, 2024; after Defendants moved to dismiss, Plaintiffs amended their complaint on July 22, 2024, [14]. Defendants now move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), *see* [16].

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Id.* This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III. Discussion

Defendants SVAC, William Garippo, and Tony Garippo move to dismiss all three claims asserted in the amended complaint.[1] The Court discusses each below.

## A. Count I: Breach of Fiduciary Duty under ERISA

Defendants first argue that Plaintiffs' ERISA claim remains barred by the applicable statute of limitations. *See* [17] at 2, 4–7. Under ERISA, a claim for breach of fiduciary duty expires "six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113 (1). An exception exists, however: "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." *Id.*

Plaintiffs filed their Complaint on April 25, 2024, thirteen years after Tony allegedly lied about their ability to contribute to the Plan. [1], [14] ¶ 24. Since the complaint clearly falls outside the six-year statute of limitations, Plaintiffs must identify an exception to the rule for their claim to survive, such as the fraud or concealment carve-out. Under ERISA, the fraudulent-concealment doctrine "refers to 'steps taken by wrongdoing fiduciaries to cover their tracks'—that is, it focuses on

---

[1] Plaintiffs initially sued just SVAC and William and Tony Garippo, *see* [1]. The caption of the amended complaint added Michael Byron and Skokie Valley Air Control Retirement Plan as defendants, *see* [14]. But it appears that Plaintiffs never served these additional defendants; nor did they allege facts in the body of the amended complaint to support any claim against these additional defendants. As a result, the Court dismisses the case as to Defendants Byron and the Plan. *See* Fed. R. Civ. P. 4(m) (providing for dismissal of defendants not served within 90 days, absent a showing of good cause); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (a plaintiff cannot state a claim against a defendant merely by including the defendant's name in the caption).

4

'steps taken by the defendant to hide the fact of the breach rather than . . . the underlying nature of the plaintiffs' claim.'" *Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan by and through Lyon v. Buth*, 99 F.4th 928, 941 (7th Cir. 2024) (quoting *Radiology Center, S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1221 (7th Cir. 1990)). To benefit from the fraudulent-concealment doctrine, a "plaintiff must allege 'actual concealment—*i.e.*, some trick or contrivance intended to exclude suspicion and prevent inquiry.'" *Id.* (quoting *Martin v. Consultants & Administrators*, 966 F.2d 1078, 1095 (7th Cir. 1992)).

Here, Plaintiffs' complaint alleges a breach of fiduciary duty based upon Tony's false statement that Plaintiffs could no longer contribute to the Plan. Following this representation, Plaintiffs merely state that no one at SVAC told them the truth; the Complaint does not plead any fact reflecting actions of actual concealment. Without more, Plaintiffs' allegations remain insufficient to trigger the fraud or concealment exception. *See id.* (stating plaintiff "must allege more than just the underlying fraud to get the benefit of the fraud-or-concealment exception").

Plaintiffs argue that the breach of fiduciary duty includes SVAC's and its agents' failure to correct Tony's lie, thus this "omission" implicates 29 U.S.C. § 1113(1)(B). According to Plaintiffs, the statute of limitations began running on "the latest date on which the fiduciary could have cured the breach or violation," which they argue occurred June 5, 2023, the date King Heating, Cooling & Plumbing bought SVAC. [19] at 4, 5 (quoting 29 U.S.C. § 1113(1)(B)). Once Plaintiffs stopped

5

contributing to the Plan in reliance on Tony's statement, however, the "breach or violation" was completed. *See Librizzi v. Children's Memorial Medical Center*, 134 F.3d 1302, 1307 (7th Cir. 1998) (quoting 29 U.S.C. § 1113(2)) (holding that under ERISA the "breach or violation" occurred either when plaintiff received "bad advice" from the fiduciary or made his election to his pension without accurate information from the fiduciary, not when the fiduciary later failed to correct the error). After the "breach or violation" has occurred, the fiduciary can no longer "cure" the problem; an injured party must seek a remedy for the incurred damages. *Id.* (distinguishing "'cure' in the sense of 'fix' . . . from 'provide a remedy' in the sense of 'damages for what can no longer be fixed'" since otherwise 29 U.S.C. § 1113(1)(B) would "mean that the time never runs out"). Therefore, based upon the allegations in the complaint, the statute of limitations for Plaintiffs' breach of fiduciary duty claim began at the time of Tony's alleged misrepresentation in 2011 and expired in 2017, long before Plaintiffs initiated this lawsuit.

Because Plaintiffs' ERISA claim remains time-barred, the Court grants Defendants' motion to dismiss Count I.

**B.    Counts II and III**

Counts II and III assert pendent state law claims for which no independent basis of federal subject matter jurisdiction exists. *See* [14] ¶¶ 3–8. Having determined that it must dismiss Count I, the only claim for which federal subject matter jurisdiction exists, the Court declines to exercise supplemental jurisdiction

6

over Plaintiffs' remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("The general rule is that, when all federal law claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))). Plaintiffs have offered no reason for this Court to assume jurisdiction over the state law claims, *see Wright*, 29 F.3d at 1252–53, and thus waive the point. *Braun v. Village of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022). The Court dismisses Counts II and III without prejudice.

### III. Conclusion

For the reasons explained above, the Court grants Defendants' motion to dismiss [16] and dismisses all claims. All dates and deadlines are stricken. Civil case terminated.

Date: February 4, 2025

_____
John Robert Blakey
United States District Judge